NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*


UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   2:12-CR-00281-JAD-CWH<br>) |
| RICHARD S. NEISWONGER<br>and SHANNON NEIWSWONGER, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

STIPULATION TO CONTINUE SENTENCING
(Eleventh Request)

**IT IS HEREBY STIPULATED AND AGREED** by and among Daniel G. Bogden, United States Attorney ("USA"), John Patrick Burns, Assistant United States Attorney ("AUSA"), Solomon L. Wisenberg, Esq., and Peter Angulo, Esq., attorneys for Defendants

Richard C. Neiswonger and Shannon Neiswonger, that the sentencing currently scheduled for January 9, 2017, be vacated and continued until July 6, 2017, or a date thereafter convenient to the Court.

The Stipulation is entered into for the following reasons:

1. This is the eleventh request to continue Mr. and Mrs. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made

through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by the Court on the same day (Docket Entry 53).

2. The additional time requested herein is not sought for purposes of delay.

3. The United States and the defendants need more time to properly evaluate Mr. and Mrs. Neiswonger's full range of cooperation prior to sentencing. Wendell Waite, Mr. Neiswonger's co-defendant in Case No. 2:11-CR-00247-JAD-CWH, is set to stand trial beginning on April 11, 2017. Mr. Neiswonger will be a witness in that trial and Mrs. Neiswonger is a potential witness. In addition, the Government expects to call Mr. Neiswonger as a witness in Wendell Waite's second trial, in Case No. 2:13-cr-00354-JCM-PAL, which is set to begin on June 5, 2017. Mrs. Neiswonger is a potential witness in that case as well. Each case is very likely to have a bearing on the Government's and the Court's assessment of the nature and degree of Mr. and Mrs. Neiswonger's cooperation. In addition, in late October 2015, Mrs. Neiswonger suffered a serious and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016. Although Mrs. Neiswonger's physical condition has stabilized, she still has cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Mr. and Mrs. Neiswonger are continuing their cooperation with the Government and have made significant monthly payments to the IRS and FTC. Mr. Neiswonger remains gainfully employed.

5. Mr. and Mrs. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and

characteristics of Mr. and Mrs. Neiswonger, including their full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. and Mrs. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. Mr. Wisenberg also represents Mr. Neiswonger in Case Number 2:11-CR-00247-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date, and will be filing a Stipulation to Continue Sentencing in that case as well. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

6. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until July 6, 2017 or a date thereafter convenient to the Court.

**DATED** this 12th day of December, 2016.

DANIEL BOGDEN
UNITED STATES ATTORNEY

_____/s/_____
JOHN PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard S., Suite 1100
Las Vegas, Nevada 89101
Attorneys for Plaintiff
UNITED STATES OF AMERICA

NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____/s/_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

## FINDINGS OF FACT

Based upon the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the eleventh request to continue Mr. and Mrs. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made

through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by the Court on the same day (Docket Entry 53).

2. The additional time requested herein is not sought for purposes of delay.

3. The United States and the defendants need more time to properly evaluate Mr. and Mrs. Neiswonger's full range of cooperation prior to sentencing. Wendell Waite, Mr. Neiswonger's co-defendant in Case No. 2:11-CR-00247-JAD-CWH, is set to stand trial beginning on April 11, 2017. Mr. Neiswonger will be a witness in that trial and Mrs. Neiswonger is a potential witness. In addition, the Government expects to call Mr. Neiswonger as a witness in Wendell Waite's second trial, in Case No. 2:13-cr-00354-JCM-PAL, which is set to begin on June 5, 2017. Mrs. Neiswonger is a potential witness in that case as well. Each case is very likely to have a bearing on the Government's and the Court's assessment of the nature and degree of Mr. and Mrs. Neiswonger's cooperation. In addition, in late October 2015, Mrs. Neiswonger suffered a serious and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016. Although Mrs. Neiswonger's physical condition has stabilized, she still has cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Mr. and Mrs. Neiswonger are continuing their cooperation with the Government and have made significant monthly payments to the IRS and FTC. Mr. Neiswonger remains gainfully employed.

5. Mr. and Mrs. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. and Mrs. Neiswonger, including their full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. and Mrs. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. Mr. Wisenberg also represents Mr. Neiswonger in Case Number 2:11-CR-00247-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date, and will be filing a Stipulation to Continue Sentencing in that case as well. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

## CONCLUSIONS OF LAW

1. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case.

2. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until July 6, 2017, or a date thereafter convenient to the Court.

## ORDER

IT IS HEREBY ORDERED that the sentencing currently scheduled for January 9, 2017, be vacated and continued to July 10, 2017 at 9:00 a.m.

DATED this 12th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*