NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*


UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD S. NEISWONGER<br>and SHANNON NEIWSWONGER,<br><br>Defendants. | 2:12-CR-00281-JAD-CWH |

**STIPULATION TO CONTINUE SENTENCING**
**(Twelfth Request)**

**IT IS HEREBY STIPULATED AND AGREED** by and among Steven W. Myhre, Acting United States Attorney ("USA"), John Patrick Burns, Assistant United States Attorney ("AUSA"), Solomon L. Wisenberg, Esq., and Peter Angulo, Esq., attorneys for Defendants

Richard C. Neiswonger and Shannon Neiswonger, that the sentencing currently scheduled for July 10, 2017 be vacated and continued until January 15, 2018, or a date thereafter convenient to the Court.

The Stipulation is entered into for the following reasons:

1. This is the twelfth request to continue Mr. and Mrs. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by

the Court on the same day (Docket Entry 53). The eleventh request was made by stipulation of the parties on December 12, 2016 (Docket Entry 66) and was granted by the Court the same day (Docket Entry 67).

2. The additional time requested herein is not sought for purposes of delay.

3. In late October 2015, Mrs. Neiswonger suffered a serious, life-threatening and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016, and is still under a specialist's care. Although Mrs. Neiswonger's physical condition has stabilized and improved, she still has serious cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Undersigned counsel believes that Mrs. Neiswonger no longer comprehends the offense to which she pled guilty and is not able to assist in her defense at sentencing. He anticipates that a mental evaluation, coordinated in cooperation with the Government, followed by a Motion to Dismiss, will be forthcoming.

5. Mr. and Mrs. Neiswonger have continued their cooperation with the Government, although with respect to one case that cooperation became moot several months ago, and made significant monthly payments to the IRS and FTC until approximately one year ago when Mr. Neiswonger's income plummeted due to his need to stay home and care for Mrs. Neiswonger. Mr. Neiswonger remains gainfully employed.

6. Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the

Sixth Amendment. Mr. Neiswonger's Sentencing Memorandum will require extensive time to prepare in the best of circumstances and counsel requests additional time to prepare the Memorandum due to: the length of time that has elapsed since Mr. Neiswonger's guilty plea; the need to examine Mrs. Neiswonger for competency; the possibility that the Government will still need Mr. Neiswonger to testify at an upcoming trial; and counsel's need to prepare for a complex upcoming four to six week trial set for early September. These reasons are also true with respect to Case Number 2:11-CR-00247-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. Neiswonger in Case Number 2:11-CR-00247-JAD-CWH and will be filing a Stipulation to Continue Sentencing in that case as well. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

7. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until January 15, 2018 or a date thereafter convenient to the Court.

**DATED** this 15th day of June, 2017.

STEVEN W. MYHRE
ACTING UNITED STATES ATTORNEY


    /s/
_____
JOHN PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard S., Suite 1100
Las Vegas, Nevada 89101
Attorneys for Plaintiff
UNITED STATES OF AMERICA

NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

_____/s/_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

## **FINDINGS OF FACT**

Based upon the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the twelfth request to continue Mr. and Mrs. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request

was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by the Court on the same day (Docket Entry 53). The eleventh request was made by stipulation of the parties on December 12, 2016 (Docket Entry 66) and was granted by the Court the same day (Docket Entry 67).

2. The additional time requested herein is not sought for purposes of delay.

3. In late October 2015, Mrs. Neiswonger suffered a serious, life-threatening and debilitating brain injury. Mr. Neiswonger is assisting in providing virtually round-the-clock care for Mrs. Neiswonger, who underwent her second major brain surgery related to the injury on March 7, 2016, and is still under a specialist's care. Although Mrs. Neiswonger's physical condition has stabilized and improved, she still has serious cognitive disabilities which require Mr. Neiswonger's vigilant supervision.

4. Mr. and Mrs. Neiswonger's lead counsel believes that Mrs. Neiswonger no longer comprehends the offense to which she pled guilty and is not able to assist in her defense at sentencing. He anticipates that a mental evaluation, coordinated in cooperation with the Government, followed by a Motion to Dismiss, will be forthcoming.

5. Mr. and Mrs. Neiswonger have continued their cooperation with the Government, although with respect to one case that cooperation became moot several months ago, and made significant monthly payments to the IRS and FTC until approximately one year ago when Mr. Neiswonger's income plummeted due to his need to stay home and care for Mrs. Neiswonger. Mr. Neiswonger remains gainfully employed.

6. Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, needs additional time to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. Mr. Neiswonger's Sentencing Memorandum will require extensive time to prepare in the best of circumstances and counsel requests additional time to prepare the Memorandum due to: the length of time that has elapsed since Mr. Neiswonger's guilty plea; the need to examine Mrs. Neiswonger for competency; the possibility that the Government will still need Mr. Neiswonger to testify at an upcoming trial; and counsel's need to prepare for a complex upcoming four to six week trial set for early September. These reasons are also true with respect to Case Number 2:11-CR-00247-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. Neiswonger in Case Number 2:11-CR-00247-JAD-CWH and has filed a Stipulation to Continue Sentencing in that case as well.

## CONCLUSIONS OF LAW

1. Denial of this request for continuance could result in a miscarriage of justice. It would deny defense counsel and the Government time and opportunity to effectively prepare for sentencing in this case.

2. For all the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until January 15, 2018, or a date thereafter convenient to the Court.

## ORDER

**IT IS HEREBY ORDERED** that the sentencing currently scheduled for July 10, 2017, be vacated and continued to January 22, 2018 at the hour of 9:00 a.m.

DATED this 19th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

_____/s/_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*